E5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| POLANSKY'S WRECKER SERVICE,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS<br>INSURANCE COMPANY,<br>    Defendant. | § § § § § § § § § | CIVIL ACTION NO. 6:15-CV-170 |
| POLANSKY'S WRECKER SERVICE,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS<br>INSURANCE COMPANY and<br>WILLIAM GILLIS,<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 6:15-CV-172<br>CIVIL ACTION NO. 6:15-CV-179<br>CIVIL ACTION NO. 6:15-CV-181 |

## MEMORANDUM OPINION AND ORDER

In Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181, each of which are removal actions consolidated with Civil Action No. 6:15-cv-170, Plaintiff Polansky's Wrecker Service ("Plaintiff") claims that Defendants Universal Underwriters Insurance Company and William Gillis (collectively "Defendants"), inter alia, violated the Texas Insurance Code because they failed to sufficiently reimburse Plaintiff for wind and/or hail damage to Plaintiff's property pursuant to the terms of an insurance policy sold by Defendant Universal Underwriters Insurance Company ("Universal").

In Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181, Plaintiff sues not only Universal (the insurer), but the claims adjuster, William Gillis ("Gillis"), who evaluated the damages to Plaintiff's property. Defendants removed Civil Action Nos.

6:15-cv-172, 6:15-cv-179, and 6:15-cv-181 based upon diversity jurisdiction, asserting that Gillis was improperly joined as a Defendant.

In Civil Action No. 6:15-cv-170, however, Plaintiff exclusively sues Universal, and no motion to remand was filed in this case. It is undisputed that, in Civil Action No. 6:15-cv-170, complete diversity of citizenship exists as Plaintiff is a citizen of Texas and Universal is a citizen of Illinois; therefore, removal was appropriate.

But in Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181, the cases in which Gillis is named as a Defendant along with Universal, Plaintiff has filed a Motion to Remand, asserting that there is a valid cause of action against Gillis (i.e., he was not improperly joined), thus destroying diversity. Having reviewed the parties' briefing, the pleadings, and the applicable legal authority, the Court is persuaded that Plaintiff's Motions are meritorious and should be granted. Consequently, each of Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181 are severed from Civil Action No. 6:15-cv-170 and are remanded to the judicial district state courts from which they were removed.

## I. ALLEGATIONS AGAINST GILLIS

In the Original Petitions for Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181, Plaintiff makes the following factual allegations in regard to his claims against Gillis:

> [Gillis] inspected Plaintiff's property. During the inspection, [Gillis] was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, [Gillis] ignored covered damages to the Property and refused to address all of the damages caused by the loss. Subsequent to the inspection, [Gillis] prepared a repair estimate, which vastly under-scoped the actual covered damages to the property, thus

demonstrating [Gillis] did not conduct a thorough investigation of the claims.

Despite having been assigned to the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claims, [Gillis] failed and refused to properly adjust the claims. [Gillis] failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claims, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claims, failed to timely and properly estimate the claims, and failed to timely and properly report to [Gillis] to address all the covered damages.

The Plaintiff provided information regarding the loss and the claims to [Gillis]. The Plaintiff allowed [Gillis] full and complete access to the property. The Plaintiff provided sufficient information to [Gillis] to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but [Gillis] failed and refused to respond to the inquiries and failed to properly adjust the claims and loss. As a result of [Gillis's] inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claims.

[Gillis's] actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Plaintiff's Original Petitions, pp. 9-10.

## II. DISCUSSION

The question of whether joinder is improper in a removal case arises in connection with the requirement of 28 U.S.C. § 1441(b) that there be diversity of citizenship among the parties to the action who are "properly joined." A defendant may remove on diversity grounds only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)). The burden of proving fraudulent or improper joinder is a heavy one. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1991)); *Smallwood v. Ill.*

*Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) ("The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party must demonstrate either: (1) "that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts;" or (2) that there is no possibility that the plaintiff will be able to establish a valid state cause of action against the non-diverse defendant. *Green*, 707 F.2d at 205. Here, there is no allegation or inference of outright fraud. Defendants merely assert that Plaintiff has no viable cause of action against Gillis.

Removal cases raise significant federalism concerns as "the effect of removal is to deprive the state court of an action properly before it." *Gasch*, 491 F.3d at 281-82 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In making such a determination, the Court must "resolve any questions of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiffs'] favor." *Griggs*, 181 F.3d at 699.

In determining whether a party was improperly joined, the Court must analyze the causes of action alleged in the state court petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The

Court must evaluate all factual allegations in the state court pleadings in the light most favorable to the plaintiff, must resolve all contested issues of fact in plaintiff's favor, and then must examine relevant state law and resolve all uncertainties in plaintiff's favor. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003). In a few cases "in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)). In the case at hand, nothing before the Court indicates that a "piercing" of the pleadings is required.

In analyzing a plaintiff's claims, the analysis does not focus on whether he "will actually or even probably prevail on the merits of the claim," but whether there is "a *possibility* that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (emphasis added). "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,' and the case must be remanded for lack of diversity." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993))).

The court must analyze the state court petition in effect at the time of removal to determine whether it provides a reasonable basis to believe that the plaintiff may recover against the non-diverse defendant under Texas law. *Smallwood*, 385 F.3d at 573-74. If the state court petition provides a reasonable basis for recovery on just

one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Texas notice pleadings should apply in conducting this analysis since application of the more rigorous Federal standards could not have been anticipated at the time the petition was filed. Although the Fifth Circuit has not directly addressed this issue in a published opinion, it has applied the Texas "fair notice" standard in an unpublished opinion when analyzing the improper joinder issue. *See De La Hoya v. Coldwell Banker Mex. Inc.*, 125 Fed. App'x 533, 537-38 (5th Cir. 2005). Numerous district courts have also applied this standard. *See Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723 (N.D. Tex. 2014); *Arana v. Allstate Tex. Lloyds*, 2013 WL 2149589, No. 3:13-CV-0750-D (N.D. Tex. May 17, 2013); *McDaniel v. JP Morgan Chase Bank, N.A.*, 2012 WL 6114944, No. 1:12-CV-392 (E.D. Tex. Dec. 10, 2012); *Delaney v. GEO Group, Inc.*, 2012 WL 3526789, No. SA-12-CV-541-XR (W.D. Tex. Aug. 14, 2012); *Stevenson v. Allstate Tex. Lloyds*, 2012 WL 360089, No. 11-cv-3308 (S.D. Tex. Feb. 1, 2012); *Myers v. Allstate Tex. Lloyds*, 2011 WL 846083, No. 1:10-CV-172 (E.D. Tex. Mar. 8, 2011); *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, No. H-10-2970 (S.D. Tex. Dec. 8, 2010).

Texas' "fair notice" standard for pleading is embodied in Rule 47 of the Texas Rules of Civil Procedure, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Edwea*, 2010 WL 5099607, at *3 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "The purpose of this rule is to give the opposing party information sufficient to enable

him to prepare a defense." *Id.* "A court must uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Edwea*, 2010 WL 5099607, at *3 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

In 2013, the Texas Legislature added Rule 91a to the Texas Rules of Civil Procedure, which provides a standard for dismissal on the pleadings similar to that found in Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the "fair notice" standard of Rule 47 of the Texas Rules of Civil Procedure remains in effect. Courts that have analyzed improper joinder since the enactment of Rule 91a have, for the most part, determined that the "fair notice" standard is still applicable in analyzing state-court pleadings. *See SL Pathology Leasing of Tex. LLC v. Miraca Life Scis., Inc.*, 2015 WL 1392967, No. H-14-3723 (S.D. Tex. Mar. 25, 2015); *Puricelli v. ARNS Invs., LLC*, 2015 WL 500167, No. 3:14-CV-4018-M-BN (N.D. Tex. Feb. 4, 2015); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, No. 3:14-CV-2416-L (N.D. Tex. Oct. 31, 2014); *Oldham v. Nationwide Ins. Co. of Am.*, 2014 WL 3855238, No. 3:14-CV-575-B (N.D. Tex. Aug. 5, 2014). Although no published Fifth Circuit opinion has directly addressed the issue, at least one unpublished opinion has continued the "fair notice" evaluation even after the passage of Rule 91a. *See Michels v. Safeco Ins. Co. of Ind.*, 544 F.App'x 535, 538 (5th Cir. 2013). In the absence of a definitive answer, the legal analysis should weigh in favor of Plaintiff's position.

### III. CONCLUSION

The allegations in Plaintiff's Original Petitions in Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181 are sufficient to give "fair notice" to Defendants of

7

Plaintiff's claims. Moreover, Gillis was not improperly joined as a Defendant to Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181 because there is a reasonable basis to believe liability may be imposed on him. Accordingly, it is

**ORDERED** that Plaintiff's Opposed Motions to Remand in Civil Action Nos. 6:15-cv-172, 6:15-cv-179, and 6:15-cv-181 are **GRANTED**, and each of these cases are severed from Civil Action No. 6:15-cv-170. Civil Action No. 6:15-cv-172 is hereby remanded to the 170th Judicial District Court in McLennan County, Texas. Civil Action No. 6:15-cv-179 is hereby remanded to the 414th Judicial District Court in McLennan County, Texas. Civil Action No. 6:15-cv-181 is hereby remanded to the 74th Judicial District Court of McLennan County, Texas. It is further

**ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**. It is further

**ORDERED** that any motions not previously ruled upon by the Court are **DENIED**.

**SIGNED** this  21st  day of December, 2015.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE